IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
      Plaintiff,

vs.                                Case No. 3:07cv404/LAC/EMT

CENTURY CORRECTIONAL
INSTITUTION, et al.,
      Defendants.
_____/

## ORDER

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 6).  Now before the court is Plaintiff's "Motion to Point Out" (Doc. 16), which will be construed as a motion to file an amended complaint in excess of the twenty-five (25) page limit set by Northern District of Florida Local Rule 5.1(J)(3).  Plaintiff has also filed an amended complaint (*see* Doc. 15).

In Plaintiff's motion he states that "[t]he amended complaint new[ly] submitted along with the present [motion] is still almost 50 pages—Plaintiff managed to narrow the original [complaint] down as much as he could" (Doc. 16 at 2).[1]  In the instant motion, Plaintiff argues that additional pages are needed "to establish [his] cause of action and chronology of conspiratorial events" (*id.* at 1).

Local Rule 5.1(J)(3) provides that no complaint may exceed twenty-five (25) pages absent leave of court and a showing of good cause.  Furthermore, as Plaintiff has been advised (*see* Doc. 14 at 1), Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain only "a

_____

[1]The court notes that Plaintiff's original complaint totaled in excess of 150 pages (*see* Doc. 14 at 1; *see also* Doc. 1 (complaint)).

short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, the instructions on the "Statement of Facts" portion of the complaint form provide:

> State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (<u>If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint</u>.)

N.D. Fla. Civil Rights Complaint Form (to be used by prisoners in actions under 42 U.S.C. § 1983) (emphasis in original).[2]

Initially the court notes that Plaintiff's amended complaint fails to comply with Rule 8(a) and the instructions on the civil rights complaint form.  Moreover, the court finds that Plaintiff's amended complaint as a whole is largely unintelligible and verbose.  In short, Plaintiff has provided numerous citations to case law, statutes, codes, and regulations instead of clearly and concisely describing the facts that support his claim(s) as required by Rule 8(a) and the instructions on the complaint form (*see generally* Doc. 15).  For example, paragraph forty-one of Plaintiff's complaint provides:

> Sgt. Thomas and Sgt. Yetzer's actions of reprisal — endangering Plaintiff's life and of intentional prevention of First Amendment right exercise: were in violation of Chapter 33-208.002(8)(10)(16)(24)(26) — State Laws F.S. § 784.021. — F.S. § 836.11 — F.S. § 839.24.  F.S. § 839.25 — F.S.A. § 415.101. — F.S. 1979 § 20.315 — F.S. § 944.09.  F.S. § 944.35.(2) — F.S. § 944.39. — § 950.03 — § 950.04 — F.S. — § 950.09. — Art. I § 5 — Art. I § 11 Fla. Const. and Art. IV § 2 First – Eight and Fourteenth Amendments U.S. Const. (illegible)

(*id.* at 13) (mistakes in original).  Furthermore, paragraph eighty-nine provides:

> Violations to Chpt. 33-103.017(1) — 33-208.001(4)(a) and 33-208.002(1)–(8)–(10)–(12)–(19)–(26) and 33-602.210–(3) State Laws F.S. § 944.09. — F.S. § 839.13. — § 839.24. — § 839.25. — F.S.A. § 415.101. — F.S. 1979 § 20.315. — F.S. § 944.35(2) — F.S. — § 944.39. — F.S. § 944.14. — F.S. § 951.06

---

[2]The court notes that Plaintiff omitted this page from his amended complaint (*see* Doc. 15 at 7 (Plaintiff's factual allegations begin on a sheet of lined paper starting with "I. Introduction")).

— F.S. § 945.04. — F.S. § 950.03. — § 950.04. — § 950.09. — Fed. Laws — 42
USC — § 1981 — § 1985 — § 1986 — 18 USC § 4042 — 28 USC § 2680 Art. I §
2 — § 5 — § 9 — § 17 Fla. Const. — Art. IV § 2 The First — Fifth — Sixth —
Eight and Fourteenth Amendments U.S. Const.  F.S. § 944.331 — F.S. § 944.719

(*id.* at 21) (mistakes in original).

The court finds that these clear deficiencies, combined with Plaintiff's failure to follow this
court's prior instructions concerning filing an amended complaint (*see* Doc. 14), preclude a finding
of good cause to permit Plaintiff to file a lengthy amended complaint.  Therefore, Plaintiff's motion
to file an amended complaint in excess of the twenty-five (25) page limit in Local Rule 5.1(J)(3)
shall be denied.

In light of the foregoing, Plaintiff shall again be required to file an amended complaint.
Plaintiff is advised that in any section 1983 action, the initial inquiry must focus on whether two
essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting
> under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities
> secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled
on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke
v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In his amended complaint, Plaintiff should make only "a short and plain statement of the
claim showing that [he] is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Moreover, Plaintiff should
state his allegations as simply and concisely as possible, and facts that are extraneous to his claims
should be excluded.  Plaintiff should not make legal arguments or cite to statutes or case law in his
amended complaint.  Nor should Plaintiff make conclusory allegations of law or allege that certain
statutes were violated without providing the court with a clear, short statement showing that a named
Defendant violated a right that he holds by virtue of the Constitution or federal law.  Plaintiff is also
advised that his allegations of constitutional or federal law violations, must relate to the same basic
incident or event.  Plaintiff cannot bootstrap several claims together in one complaint.  Rather, if
Plaintiff was harmed by several different individuals, in several difference incidents, he must bring

his claims in separate complaints and pay the filing fee or obtain leave to proceed in forma pauperis in each individual action before the court may consider his allegations.

Finally, Plaintiff is again advised that continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the case. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

In filing an amended complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place the Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly, but concisely, describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint.  In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1.    Plaintiff's "Motion to Point Out" (Doc. 16), construed as a motion to file an amended complaint in excess of the twenty-five (25) page limit set by Northern District of Florida Local Rule 5.1(J)(3), is **DENIED**.

2.    The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

3.    Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Second Amended Complaint."

    4.      Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

    **DONE AND ORDERED** this <u>10</u><sup>th</sup> day of December 2007.

<u>/s/ *Elizabeth M. Timothy*</u>            
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**