IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
    Plaintiff,

vs.                                         Case No.: 3:07cv404/LAC/EMT

CENTURY CORRECTIONAL
INSTITUTION, et al.,
    Defendants.
_____/

## **ORDER**

       This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (hereafter "complaint") (Doc. 22). Leave to proceed in forma pauperis has been granted (Doc. 6). From a review of the complaint, it is evident that Plaintiff, <u>for the second time</u>, has failed to comply with the court's instructions regarding filing an amended complaint (*see* Docs. 14, 18). Although the court previously instructed Plaintiff <u>on two occasions</u> that his complaint would be subject to dismissal if he fails to comply with an order of the court, the court will allow Plaintiff a <u>final opportunity</u> to correct the deficiencies in a third amended complaint (*see* Doc. 14 at 1–2, Doc. 18 at 4).

       Initially, as Plaintiff was twice previously advised, Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the <u>appropriate complaint form is completed</u>. It is clear that the complaint is not on the court-approved form for use in the <u>Northern District</u>.[1] Additionally, as Plaintiff was previously advised, the complaint may not exceed twenty-five (25) pages. *See* N.D. Fla. Loc. R. 5.1(J)(3)). As Plaintiff is well aware, the court previously denied his "Motion to Point Out," which was

---

[1] Plaintiff filed his original complaint on a form for use in the Middle District, and he was advised that the complaint must be filed on a form approved for use in the Northern District because the form for use in the Northern District requires disclosure of information that is not required on the form used in the Middle District (Doc. 14 at 1).

construed as a motion to file an amended complaint in excess of the twenty-five (25) page limit set by the Northern District of Florida (*see* Doc. 18). The court notes that Plaintiff's complaint thirty (30) pages in length, and most of the pages contain small, handwritten, single-spaced print without proper margins[2] (*see* Doc. 22). Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint. <u>Every page of the complaint form must be completed</u> (Plaintiff is not permitted to randomly insert pages from complaint forms from other Districts, in lieu of completely filling out the form approved for use in the Northern District of Florida). The court also notes that the complaint does not contain Plaintiff's original signature (Doc. 22 at 2 ½). An original signature must be affixed to any document filed in paper form. *See* Fed. R. Civ. P. 11(a); N.D. Fla. Loc. R. 5.1(B)(5).

Additionally, despite the court's previous instructions, Plaintiff's complaint is <u>again</u> verbose, largely unintelligible, and extremely difficult to read. As previously advised, Plaintiff should state his allegations as simply and concisely as possible, and facts that are extraneous to his claims should be excluded (*see, e.g.*, Doc. 18 at 3). Plaintiff should not make legal arguments or cite to statutes or case law in his third amended complaint. Nor should Plaintiff make conclusory allegations of law or allege that certain statutes were violated without providing the court with a clear, short statement showing that a named Defendant violated a right that he holds by virtue of the Constitution or federal law. Plaintiff is <u>again</u> advised that his allegations of constitutional or federal law violations, must relate to the same basic incident or event. <u>Plaintiff cannot bootstrap several claims together in one complaint</u>. For example, Plaintiff's complaint contains a lengthy narrative that spans several days and includes many instances of alleged misconduct by many Defendants (*see generally* Doc. 22). If Plaintiff was harmed by several different individuals, in several different incidents, he must bring his claims in separate complaints and pay the filing fee or obtain leave to proceed in forma pauperis in each individual action before the court may consider his allegations. Finally, Plaintiff is advised that <u>continued failure to cure defects in pleading requirements as required by Rule 8(a)</u>

---

[2] The first page of the document does not have a bottom margin of at least two (2) inches as required by Rule 5.1(B)(3) of the Local Rules of the Northern District of Florida, and each subsequent page does not have a margin of approximately one and one-fourth (1 1/4) inch as required.

Case No.: 3:07cv404/LAC/EMT

may result in the dismissal of the case.  *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Third Amended Complaint."

3. Plaintiff's failure to file a third amended complaint as instructed in this order will result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 25th day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**