IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
    Plaintiff,

vs.                                Case No. 3:07cv404/LAC/EMT

CENTURY CORRECTIONAL
INSTITUTION, et al.,
    Defendants.
_____/

## ORDER

    This cause is before the court upon Plaintiff's Third Amended Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 30). Leave to proceed in forma pauperis has been granted (Doc. 6).

    Before the court will conduct a substantive review of Plaintiff's claims, he must comply with certain procedural requirements. First, Plaintiff will be required to submit an amended complaint on a properly completed complaint form. Although in filing his Third Amended Complaint Plaintiff used the form approved for use in the Northern District of Florida, he failed to fully complete the form: Plaintiff deleted Page 2, which requires the Plaintiff to name and provide identifying information for each party to the action. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under § 1983 "unless the appropriate forms have been properly completed, signed, and filed by the litigant" N.D. Fla. Loc. R. 5.1(J). Plaintiff will therefore be required to file a Fourth Amended Complaint on a form that has been completed <u>in its entirety</u>.

    In filing the amended complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Fourth Amended Complaint." Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff therefore should state his allegations as simply and concisely as possible; facts

that are extraneous to his claims should be excluded. Also, Plaintiff should limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly but concisely describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the case. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972). Plaintiff is further informed that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.[1] With respect to formatting and related requirements, Plaintiff is instructed that, as provided by Local Rule 5.1(B)(3), each page of the amended complaint must have margins of approximately one and one-fourth (1 1/4) inch. Additionally, complaints may not exceed twenty-five (25) pages absent leave of court and upon a showing of good cause. N.D. Fla. Loc. R. 5.1(J)(3). Plaintiff was previously informed of the page limit yet, with attached pages, his Third Amended Complaint totals twenty-eight pages in length. Moreover, based on cursory review of Plaintiff's claims, the court concludes that good cause does not exist for permitting an over-long complaint.

Next, the court will require Plaintiff to provide the court with updated financial records. As noted, the court previously granted Plaintiff's request to proceed in forma pauperis (Doc. 6).

---

[1] Plaintiff is reminded that he must complete *every* section of the complaint form fully and accurately, including Section IV, which pertains to previous lawsuits he has filed. Plaintiff's failure to disclose all of his prior civil cases in the amended complaint will result in a recommendation of dismissal of this action.

Case No. 3:07cv404/LAC/EMT

Plaintiff was ordered to pay an initial partial filing fee of $3.34 and to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his inmate account) after payment of the initial partial filing fee had been remitted. The docket reflects that on October 27, 2007, Plaintiff submitted a payment of $5.00 to the court; however, since that date—which is approaching two years—no additional payments have been made. Section 1915(b)(2), under which Plaintiff has been permitted to proceed in forma pauperis in this case,

> places on the prisoner a responsibility to remit [monthly payments totaling 20% of each month's income]—no greater [amount], but no less either. A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; the statute does not allow deferral past the time when application of the formula would have produced full payment. . . . An erroneously small payment in a given month postpones collection of that month's installment, but it does not extend the time to complete payment.

Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998). Moreover, "a prisoner should . . . refrain from spending [appropriated] funds on personal items until they can be applied properly [toward payment of the filing fee]." *Id*.

Plaintiff therefore will be required to file an updated copy of his inmate account covering the period from October 27, 2007, to the date of this order so that the court can determine whether subsequent payments should have been made. If that is the case, the court will order payment, which Plaintiff must remit in full or show good cause for the failure to do so before this case will be permitted to proceed.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Fourth Amended Complaint."

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a computer printout of the transactions in his prison account(s) from October 27, 2007, to the date of this order.

4. Plaintiff's failure to file an amended complaint or an updated computer printout of the transactions in his prison account(s) as instructed may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 27th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**