IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
        Plaintiff,

vs.                                                   Case No. 3:07cv404/LAC/EMT

CENTURY CORRECTIONAL
INSTITUTION, et al.,
        Defendants.
_____/

**<u>ORDER</u>**

       This cause is before the court upon Plaintiff's Fourth Amended Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 42). Leave to proceed in forma pauperis has been granted (Doc. 6). Upon review of the Fourth Amended Complaint, the court concludes that, once again, Plaintiff—a prisoner who proceeds pro se—has failed to comply fully with its instructions regarding the filing of an amended complaint. The court therefore will give Plaintiff **one final** opportunity to submit an acceptable amended complaint. Plaintiff's failure to do so shall result in a recommendation of dismissal of this action.

       The court previously has issued four orders containing detailed information regarding the filing of an amended complaint (*see* Docs. 14, 18, 27, and 40). Among other matters, these orders include the following instructions and citations to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Florida, and case law:

       \* Plaintiff must use, and complete in its entirety without substantial modification, this district's approved civil rights complaint form for prisoners. *See* N.D. Fla. Loc. R. 5.1(J). Plaintiff must comply with all instructions provided in the complaint form.

       \* Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief." The continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the Plaintiff's case. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

* Plaintiff should not make legal arguments or cite to statutes or case law in the complaint. He should not make conclusory allegations of law or allege that certain statutes were violated without providing the court with a clear, short statement showing that a named Defendant violated a right that Plaintiff holds by virtue of the Constitution or federal law.

* Plaintiff's allegations should be stated simply and concisely. His complaint should not be verbose, unintelligible, or difficult to read.

* Plaintiff should exclude from the complaint facts that are extraneous to the claims asserted. His allegations must be limited to claims related to the same basic incident or issue, and he should name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff may not bootstrap together in one complaint claims that rely on different incidents or issues. He must bring allegations of harm by several different individuals, in several different incidents, in separate complaints. To pursue such claims he will be required either to pay the filing fee in each individual action or obtain leave to proceed in forma pauperis.

* Plaintiff may not file a complaint that exceeds twenty-five (25) pages in length, absent leave of court and upon a showing of good cause. N.D. Fla. Loc. R. 5.1(J)(3).

* Pages subsequent to the first page of the complaint must each have margins of approximately one and one-fourth inch (1 1/4"). N.D. Fla. Loc. R. 5.1(B)(3).

In his Fourth Amended Complaint Plaintiff again fails to comply with—or attempts to circumvent—many of the foregoing rules and instructions. Although the Fourth Amended Complaint is precisely twenty-five (25) pages in length, Plaintiff complied with Local Rule 5.1(J)(3) (limiting form complaints to twenty-five pages) only by repeatedly violating Local Rule 5.1(B)(3) (requiring margins of one and one-fourth inch). Additionally, Plaintiff helped to keep his amended complaint to the required length by crowding numerous words on each of what appears to hand-drawn, one quarter inch (1/4") spaced lines and employing small print; this method also resulted, however, in making the complaint difficult to read. In amending, Plaintiff is instructed that his

writing must be legible, i.e., the words must be uncrowded and large enough to be easily read.

Plaintiff has also failed to properly complete, or has attempted to modify, the civil rights complaint form provided for his use. Specifically, Plaintiff deleted pages 5 and 6, in part replacing them with sections he titled "Preliminary Statement" and "Jurisdiction and Liability." The form does not call for these sections and they are unnecessary. Plaintiff used his own format for the "Statement of Facts," "Statement of Claims," and "Relief Requested" sections; these modifications include deleting the instructions for the "Statement of Facts" section and disregarding the "Statement of Claims" and "Relief Requested" sections of the form entirely by noting "see attached section" or "see attached." Plaintiff's modifications to the complaint form are not acceptable. Local Rule 5.1(J) provides that pro se complaints shall not be considered by the court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted for reasons of administrative convenience. This court, with its large volume of pro se actions, saves valuable time if it is not required to decipher lengthy and often unintelligible complaints. This saving would be lost if Plaintiff were allowed to modify the form (including adding unnecessary elements and deleting necessary ones) or refer to an attachment instead of completing the form itself. Not only did Plaintiff delete the instructions for filling out the "Statement of Facts" section but, once again, he disregarded them. Contrary to the instructions provided in the complaint form, Plaintiff cites statutes as well as other legal authority, and he makes legal arguments. Also, Plaintiff did not submit five additional pages in order to supply all of the facts he wished to present, as the instructions provide; instead, without a showing of need, Plaintiff submitted a total of nine pages, none of which observe proper margins. Also, the allegations of fact are prolix and include facts that are extraneous to the claims asserted. Furthermore, Plaintiff disregarded the instructions for the "Statement of Claims" section as well as the court's frequently repeated admonition that Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's contentions in the "Statement of Claims" section are again far from being either short or plain. Also, the claims do not relate to the same basic incident or issue; Plaintiff has again attempted to bootstrap into a single complaint numerous claims that rely on different issues and incidents that occurred during a six month period between January 2006 and June 2006. Finally, Plaintiff disregarded the instructions in the "Relief Requested" section

that ask only for a brief statement of the relief requested and direct that no legal arguments or citations be made. Plaintiff's prayer for relief is not brief and includes numerous citations to case law and other legal authority.

Plaintiff should carefully review the foregoing before attempting to amend his complaint. If Plaintiff elects to file an amended complaint, he must comply with all of the instructions set out the complaint form and in this order. He must completely fill out a new civil rights complaint form, marking it "Fifth Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly, but concisely describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1. If Plaintiff again fails to file an amended complaint that fully complies with all of the court's instructions and all of the instructions set out in the complaint form, without giving further notice to Plaintiff or any additional opportunities to amend, the court will recommend dismissal of this action. Additionally, Plaintiff is reminded that <u>every</u> section of the complaint form must be completed fully and accurately, including the "Previous Lawsuits" section which pertains to previous lawsuits. Plaintiff should read and follow the instructions for this section carefully. <u>Plaintiff's failure to disclose **all** of his prior civil cases in the Fifth Amended Complaint will result in a recommendation of dismissal of this action.</u>

As a final matter, the court notes that along with his Fourth Amended Plaintiff also filed a motion for issuance of summons, which the clerk did not docket separately (*see* Doc. 42 at 26–27).

Case No. 3:07cv404/LAC/EMT

In light of the foregoing in which Plaintiff is directed to file an amended complaint, this motion is denied.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. No later than **MARCH 22, 2010,** Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on an unmodified court form, and titled "Fifth Amended Complaint."

3. Plaintiff's failure to file a Fifth Amended Complaint as instructed and within the time allotted will immediately result in a recommendation that this action be dismissed for failure to comply with a court order.

4. Plaintiff's motion for issuance of summons is **DENIED.**

**DONE AND ORDERED** this 1st day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**