IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
    Plaintiff,

vs.                                    Case No. 3:07cv404/LAC/EMT

CENTURY CORRECTIONAL
INSTITUTION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's Fifth Amended Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 46). Plaintiff, a prisoner who proceeds pro se and in forma pauperis (*see* Doc. 6), names as Defendants in the Fifth Amended Complaint the facility at which he previously was housed, Century Correctional Institution ("CCI"), as well as sixteen CCI employees. Upon review of the Fifth Amended Complaint the court concludes that—for the fifth time—Plaintiff has failed to comply fully with its instructions regarding the filing of an amended complaint (*see* court's orders at Docs. 14, 18, 27, 40, and 45; Plaintiff's amended complaints at Docs. 15, 22, 30, 42, and 46). Therefore, in accordance with the court's admonition to Plaintiff in its order dated March 1, 2010, that he would be given no additional opportunities to file an acceptable amended complaint in this case (Doc. 45), the court recommends dismissal of the action without prejudice.

Among other matters, the court's prior orders included the following instructions and citations to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Florida, and case law:

1.	Plaintiff must use, and complete in its entirety without substantial modification, this district's approved civil rights complaint form for prisoners.  *See* N.D. Fla. Loc. R. 5.1(J).  Plaintiff must comply with all instructions provided in the complaint form.

2.	Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the Plaintiff's case.  *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

3.	Plaintiff should not make legal arguments or cite to statutes or case law in the complaint.  He should not make conclusory allegations of law or allege that certain statutes were violated without providing the court with a clear, short statement showing that a named Defendant violated a right that Plaintiff holds by virtue of the Constitution or federal law.

4.	Plaintiff's allegations should be stated simply and concisely.  His complaint should not be verbose, unintelligible, or difficult to read.

5.	Plaintiff should exclude from the complaint facts that are extraneous to the claims asserted.  His allegations must be limited to claims related to the same basic incident or issue, and he should name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff may not bootstrap together in one complaint claims that rely on different incidents or issues.  He must bring allegations of harm by several different individuals, in several different incidents, in separate complaints.  To pursue such claims he will be required either to pay the filing fee in each individual action or obtain leave to proceed in forma pauperis.

6.	Pages subsequent to the first page of the complaint must each have margins of approximately one and one-fourth inch (1 1/4").  N.D. Fla. Loc. R. 5.1(B)(3).

In the Fifth Amended Complaint Plaintiff again does not follow all of the court's instructions.  Although he has been informed that it is not acceptable to refer to an attachment to the complaint instead of completing the appropriate section of the complaint form itself, Plaintiff fails to use the space provided in the form for the "Statement of Claims" and the "Relief Requested" sections, instead noting "see attach[ed]" (Doc. 46 at 17, as enumerated by court's electronic docketing

system). Furthermore, in his attachment titled "Statement of Claims" (Doc. 46 at 14–15), Plaintiff disregards the court's specific instruction in its previous order that he "should not make legal arguments or cite to statutes or case law in the complaint" (Doc. 45 at 2) by citing some thirty-eight federal and state statutes, twenty-four Department of Corrections rules, and seven cases (Doc. 46 at 15–16). The instructions in the "Relief Requested" section of the complaint form also direct that no legal arguments or citations be included, but Plaintiff's "Prayer for Relief" (supplied by Plaintiff in lieu of filling out the "Relief Requested" section) contains numerous citations to case law in connection with Plaintiff's additional motions for appointment of counsel and to permit discovery (*see id*. at 16). Moreover, Plaintiff did not comply with the instructions contained in the "Previous Lawsuits" section of the complaint form, which require prisoner/plaintiffs to disclose all prior civil cases. Plaintiff failed to advise the court of a habeas corpus action which he filed in the United States District Court for the Southern District of Florida, Hernandez v. Secretary, Florida Dept. of Corrections, Case No. 1:03-cv-21619-JEM. Additionally, despite having been advised that Local Rule 5.1(B)(3) requires margins of approximately one and one-fourth inch, Plaintiff violates that Rule on numerous pages of the amended complaint by creating margins as small as 3/4 inch (*see* Doc. 46 at 10–14; 16).

      Plaintiff's Fifth Amended Complaint also contains deficiencies of a more substantive nature than those described above, specifically, defects in pleading which contravene both Fed. R. Civ. P. 8(a) and the court's instructions regarding amendment. Although Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff's factual allegations are not simply and concisely stated. Rather, Plaintiff's unnecessarily lengthy and disjointed narrative makes it difficult to determine the precise constitutional issues he seeks to raise. Moreover, in the "Statement of Claims" attachment in which Plaintiff arranges sixteen of the Defendants into five groups, it is difficult to ascertain exactly which of the Defendants Plaintiff asserts is responsible for each particular violation of his rights. Additionally, Plaintiff fails to comply with the court's instruction that his "allegations must be limited to claims related to the same basic incident or issue" (Doc. 45 at 2) and the instruction printed on the complaint form, which provides: "State what rights under the Constitution, laws, or treaties of the United States you claim

have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint"** (Civil Rights Complaint form, Statement of Claims section) (emphasis in original). The claims in Plaintiff's Fifth Amended Complaint do not relate to the same basic incident; indeed, Plaintiff appears to recite at least sixteen different incidents involving various Defendants that occurred from January 2006 through June 2006. Moreover, Plaintiff attempts to assert claims that are not related to the same basic issue. While Plaintiff apparently complains of a broad conspiracy to retaliate against him for writing grievances, his claims are too wide-ranging to be the subject of a single complaint. Plaintiff alleges, *inter alia*, that he has been subjected to verbal abuse; intimidation and threats of violence; false disciplinary reports; endangerment; interference with legal mail, grievance filing, and personal property; harassment; the denial of psychological care; and numerous unfair disciplinary proceedings by various of the sixteen Defendants named as individuals. Based on these allegations, Plaintiff asserts claims implicating issues as diverse as the violation of the right to be free of cruel and unusual punishment; discrimination on the basis of his Hispanic ethnicity; assault; retaliation; infringement of the right to free speech; malicious prosecution; denial of due process; the use of excessive force; and conspiracy. While the court is required to construe Plaintiff's pro se pleadings liberally, it is not required to write his deficient pleadings. *See* GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, even a pro se litigant such as Plaintiff must conform to procedural rules. *See* Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002).

A district court may *sua sponte* dismiss an action for the plaintiff's failure to comply with the rules or any order of the court. *See* Fed. R. Civ. P. 41(b). Here, Plaintiff has persistently failed to comply with the court's orders regarding the requirements for filing an amended complaint, and he has done so despite having been warned that the consequence of such action could be the dismissal of this case. Moreover, it appears that this failure has been willful, as many of the requirements are merely clerical and well within Plaintiff's capability, as demonstrated by the organization and detail of the six complaints he has now filed in this matter. For these reasons, the court concludes that a recommendation of dismissal of this action pursuant to Rule 41(b) without

prejudice is appropriate.[1]  *See* Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment, noting that inmate was provided with "a standard form, a clear description of what her complaint should contain, and page and exhibit limitations," but the overall form and content of her amended complaint showed that she did not comply with the district court's order after being warned of the consequences).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED, without prejudice**, pursuant to Fed. R. Civ. P. 41(b).  Any pending motions should therefore be **DENIED as moot**.

2. That the clerk of court enter judgment dismissing this action without prejudice.

At Pensacola, Florida, this 31st day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Plaintiff has not requested leave to file a sixth amended complaint pursuant to Fed. R. Civ. P. 15(a).  The court notes, however, that under this Rule reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility" are proper bases to deny a plaintiff's motion to amend.  *See* Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (emphasis added).